**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **PRIME THERAPEUTICS LLC, a** )<br>**DELAWARE Limited Liability Company,**<br>  )<br>  )<br>  )<br>**Plaintiff,**   )<br>  )<br>  )<br>**vs.**   )<br>  )<br>**CVS PHARMACY, INC.,**   )<br>  )<br>**Defendant.**   ) | **COMPLAINT** |

Plaintiff Prime Therapeutics LLC ("Prime") by and through its attorneys of record, brings this action for declaratory relief with respect to defendant CVS Pharmacy, Inc. ("CVS") and alleges as follows:

**NATURE OF ACTION**

1.     This action arises out of a contract between Prime Therapeutics LLC and CVS Pharmacy, Inc. set out in an October 2015 Pharmacy Participation Agreement (the "2007 PPA").

2.     In July 2015, pursuant to the 2007 PPA, Prime adjusted its pricing and reimbursement and the corresponding Maximum Allowable Cost ("MAC") of multiple source generic prescription drugs, thereby altering the reimbursements CVS would receive for dispensing said drugs.

3.     Prime's revision of its pricing and reimbursement for generic drugs is consistent with the 2007 PPA and applicable state and federal laws and regulations.

4.     However, shortly after Prime adjusted the pricing and reimbursement for generic drugs, CVS stated that the revised MAC violated state and federal laws and regulations as well as the 2007 PPA.  CVS also demanded reimbursement from Prime in the amount of $19,040,460

for alleged underpayment on multiple source generic drugs and that Prime revert its pricing and reimbursement back to its pre-July 2015 rates.

5.      Prime hereby seeks a declaration from the Court: (1) that Prime's MAC pricing and reimbursement to CVS changes with respect to multiple generic drugs beginning on or about July 1, 2015 does not violate any state or federal laws or regulations; (2) that Prime's adjustment of its MAC pricing and reimbursement changes on or about July 1, 2015 does not undermine the pricing terms agreed to by Prime and CVS under the Pharmacy Participation Agreement; and (3) that CVS is not entitled to any damages from Prime related to its MAC pricing and reimbursement decisions or any other relief.

## PARTIES

6.      Plaintiff Prime Therapeutics LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Eagan, Minnesota.  Prime's members are the following:

a)   Pharmacy Gold, Inc., a Minnesota corporation, with its principal place of business at 3535 Blue Cross Road, Eagan, MN 55121.  Pharmacy Gold, Inc. is a citizen of Minnesota.

b)   Prime Therapeutics, Inc., a Delaware corporation, with its principal place of business at 1305 Corporate Center Drive, Eagan, MN 55121.  Prime Therapeutics, Inc. is a citizen of Delaware and Minnesota.

c)   Blue Cross and Blue Shield of Wyoming, a Wyoming non-profit corporation, with its principal place of business at 4000 House Avenue, Cheyenne, WY 82001.  Blue Cross and Blue Shield of Wyoming is a citizen of Wyoming.

d) Noridian Mutual Insurance Company, a North Dakota corporation, with its principal place of business at 4510 13th Avenue SW, Fargo, ND 58121. Noridian Mutual Insurance Company is a citizen of North Dakota.

e) Blue Cross and Blue Shield of Kansas, Inc., a Kansas corporation, with its principal place of business at 1133 Topeka Boulevard, Topeka, KS 66629. Blue Cross and Blue Shield of Kansas, Inc. is a citizen of Kansas.

f) Health Care Service Corporation, a Mutual Legal Reserve Company and Illinois Insurance Company, with its principal place of business at 300 East Randolph St., Chicago, IL 60601 On information and belief, Health Care Service Corporation is a citizen of Illinois.

g) Blue Cross and Blue Shield of Florida, Inc., a Florida corporation, with its principal place of business at 4800 Deerwood Campus Parkway, Jacksonville, Florida 32246. Blue Cross and Blue Shield of Florida, Inc. is a citizen of Florida.

h) Blue Cross and Blue Shield of Alabama, Inc., an Alabama non-profit corporation, with its principal place of business at 450 Riverchase Parkway E., Birmingham, AL 35244. Blue Cross and Blue Shield of Alabama, Inc. is a citizen of Alabama.

i) NobleHealth, Inc., a North Carolina Corporation, with its principal place of business at 1830 US 15-501 North, Chapel Hill, NC 27514. NobleHealth, Inc. is a citizen of North Carolina.

Prime Therapeutics, L.L.C. is therefore a citizen of Alabama, Delaware, Florida, Illinois, Kansas, Minnesota, North Carolina, North Dakota, and Wyoming.

7. Based upon information and belief, Defendant CVS Pharmacy, Inc. is a corporation organized under the laws of the state of Rhode Island, with its principal place of

business at One CVS Drive, Woonsocket, Rhode Island 02895.  CVS Pharmacy, Inc. is a citizen

of Rhode Island as that term is used in Title 28, United States Code section 1332.

## JURISDICTION AND VENUE

8.     This Court has diversity jurisdiction because the matter in controversy (the

disputed reimbursement payments claimed by CVS) exceeds the sum or value of $75,000,

exclusive of interests and costs, and is between citizens of different States. 28 U.S.C. §

1332(a)(1).  Plaintiff Prime Therapeutics, L.L.C. is a citizen of Alabama, Delaware, Florida,

Illinois, Kansas, Minnesota, North Carolina, North Dakota, and Wyoming.  Defendant CVS

Pharmacy, Inc. is a citizen of Rhode Island.

9.     Venue is proper in the United States District Court for the District of Minnesota

pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise

to the claim occurred in Minnesota and the 2007 PPA is governed by Minnesota law.  CVS is

present and conducts substantial pharmacy and retail business in Minnesota.

## BACKGROUND ON PHARMACEUTICAL PRICING

10.     Prices for the acquisition of drugs within the marketplace are constantly changing

as well as the corresponding pharmacy reimbursement for multiple source generic drugs, which

follows the current market conditions.

11.     Insurance coverage for pharmaceutical therapy pricing is extremely competitive

and impacts the price charged and the amount reimbursed for such therapy.

## THE AGREEMENT

12.     The 2007 PPA sets forth the terms and conditions under which CVS provides

prescription drug services to patients in connection with Prime's administration of prescription

drug benefits in Prime's pharmacy networks.

4

13.     The express language of the 2007 PPA grants Prime the sole authority to determine the maximum per unit reimbursement for multiple source generic prescription drugs and also establishes that Prime has the sole discretion to review and modify the MAC.

14.     The 2007 PPA also contains a dispute resolution provision that requires written notice, at least forty-five (45) days for the parties to meet and negotiate in good faith to attempt to resolve the dispute, and thereafter allow either party to pursue any legal or equitable remedy available.

## HISTORY OF THE UNDERLYING DISPUTE

15.     On or about July 1, 2015, Prime changed its MAC pricing, thereby impacting its reimbursement rates to CVS for multiple source generic drugs.

16.     Beginning in the fall 2015, CVS raised with Prime concerns related to Prime's generic drug reimbursements to CVS.

17.     The parties have engaged in a series of good-faith in-person meetings, telephone conferences, and exchange of letters to attempt to define and resolve the dispute without success.

18.     On October 19, 2015, CVS sent a letter to Prime asserting that the "current reimbursement scenario caused by Prime Therapeutics is unacceptable [and the] unilateral pricing changes and corresponding decline in reimbursement implemented by Prime beginning on or about July 1, 2015 have directly led to financial harm for CVS . . . and must be remedied."

19.     In the October 19, 2015 letter, CVS demanded (1) "[i]mmediate adjustment of Generic reimbursement to our historic norms by October 23, 2015" and "[f]inancial compensation in the amount of $19,040,460 reflecting the damages done to [CVS] by Prime Therapeutics by the above defined underpayment on generic products."

20.     The October 19, 2015 letter did not set forth any specific state or federal laws or regulations that CVS claims Prime has violated and did not set forth how CVS calculated the alleged damages of $19,040,460.

21.     On October 22, 2015, Prime responded to CVS's October 19, 2015 letter and stated that it was willing to engage in further discussions with CVS related to CVS's generic drug reimbursement concerns in an effort to better understand the issues raised in CVS's October 19, 2015 letter.

22.     In its October 22, 2015 letter, Prime also stated that its reimbursement to CVS for drugs dispensed to Prime's members is consistent with both the contractual requirements of the 2007 PPA and applicable law.

<u>**NOTICE OF DISPUTE**</u>

23.     On November 13, 2015, CVS, through its Senior Vice President and Assistant General Counsel - Litigation and Retail, sent Prime a Notice of Dispute (the "Notice of Dispute").  A true and correct copy of the Notice of Dispute is attached hereto as Exhibit A.

24.     The Notice of Dispute did not specify the nature of the dispute between the parties.  *Id*.

25.     The Notice of Dispute triggered the forty-five (45) day period contained in the 2007 PPA for the parties to meet and negotiate in good faith to attempt to resolve the dispute.  *Id*.

26.     Prime responded to the Notice of Dispute on December 2, 2015.

27.     In its December 2, 2015 letter, Prime set forth that it did not believe it had engaged in any wrongful conduct with regard to pricing changes for generic drug price and reimbursements and was willing to meet and negotiate in good faith in effort to resolve the

6

dispute and any other issues CVS may have with regard to Prime's obligations under the 2007 PPA.

28.     On December 9, 2015, CVS responded to Prime and stated, among other things, the following:

> It is no secret that Prime's recent adjustment to its MAC pricing methodology substantially deviated from its historical method of determining MAC pricing.  CVS estimates that the changed methodology will result in a reimbursement reduction to CVS in excess of $100M annually.  While we are quite familiar with the fluidity of pricing in the changing marketplace, the changes instituted by Prime go far beyond fluidity and undermine the pricing terms agreed to by the parties. CVS expects Prime to honor the pricing terms agreed to between the parties by restoring Prime's level of reimbursement to what was in place prior to the midyear 2015 changes, and reimbursing CVS for the difference between what CVS was paid under the new pricing methodology and what CVS would have been paid under the old pricing methodology.

29.     In a letter dated December 21, 2015, CVS further proposed to unilaterally revise the 2007 PPA, to readjust MAC reimbursement levels back to pre-July 1, 2015 levels and suggested that its damages were not only caused by Prime's MAC adjustment, but resulted from general changes in prices when drugs change from branded to generic; single source to multi-source generics; or other factors resulting in changes in market prices for generic drugs.

30.     The parties continued to negotiate their differences, but were unsuccessful.

31.     The required forty-five day period under Paragraph 10.10 of the 2007 PPA expired on December 28, 2015.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

32.     Plaintiff restates and re-alleges all allegations in Paragraphs 1 through 31 as though fully set forth in this Paragraph.

33.     Pursuant to 28 U.S.C. § 2201(a), the United States District Court for the District of Minnesota may declare the rights and other legal relations between Prime and CVS.

34.     The parties do not dispute that the express terms of the Agreement grant Prime the sole authority and discretion to set and modify the MAC for generic drug reimbursements.

35.     CVS does not contend that Prime has breached any terms of the 2007 PPA.

36.     CVS has threatened to unilaterally change the terms of the 2007 PPA.

37.     CVS contends that Prime's conduct in adjusting the MAC pricing breached the implied covenant of good faith and fair dealing implicit in the 2007 PPA, justifying a remedy with respect to the decreased reimbursements paid to CVS since July 2015.

38.     Prime did not breach the implied duty of good faith and fair dealing through its adjustment of the MAC pricing, because doing so did not unjustifiably hinder CVS' performance under the 2007 PPA and Prime did not fail in any contractual duty owed to CVS by adjusting the MAC prices.

39.     Prime denies all of CVS allegations including in any breach of the 2007 PPA and Federal, state or local laws, and denies that any damages CVS has set forth are legally recoverable.

40.     Nonetheless, CVS sent a formal Notice of Dispute to Prime on November 13, 2015 and has demanded reimbursement in the amount of $19,040,460, which Prime disputes it owes CVS, and that Prime adjust its MAC rates back to the rates that existed pre-July 2015.

41.     Plaintiff therefore has an immediate need for declaratory relief to clarify the rights between the parties within the 2007 PPA regarding the pricing and reimbursement for multiple source generic brand drug reimbursement.

8

42.     An actual controversy exists between the parties regarding the reimbursements and pricing changes by Prime for multiple source generic drugs due to CVS from Prime.

43.     Accordingly, Plaintiff requests, *inter alia*, an entry of judgment in its favor declaring: (1) that Prime's MAC pricing and reimbursement change with respect to CVS beginning on or about July 1, 2015 does not violate any state or federal laws or regulations; (2) that Prime's adjustment of its MAC pricing and reimbursement on or about July 1, 2015 does not violate the pricing terms agreed to by Prime and CVS under the Pharmacy Participation Agreement; and (3) that CVS is not entitled to any damages from Prime related to its MAC pricing methodology or any other relief.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court to enter a declaratory judgment in Prime's favor.


Dated:  December 29, 2015                              DYKEMA GOSSETT PLLC


                                                      By: s/David P. Graham
                                                      David P. Graham (#0185462)
                                                      Kristina H. Kaluza (#0390899)
                                                      4000 Wells Fargo Center
                                                      90 South Seventh Street
                                                      Minneapolis, MN 55402
                                                      Telephone: (612) 486-1900
                                                      Fax:  (855) 236-1209
                                                      dgraham@dykema.com

                                                      ATTORNEYS FOR PLAINTIFF